UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSOLINO GAGLIO,

Plaintiff,

v.

CITY OF TAYLOR, ET AL.,

Defendants.

_____/

Case No. 15-cv-12577

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [32], AMENDED MOTION FOR RECONSIDERATION [33], AND MOTION TO ALLOW PLAINTIFF TO PROVIDE MEDICAL DOCUMENTATION [34], AND PERMITTING PLAINTIFF TO FILE A LATE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

On October 19, 2016, the Court struck Plaintiff's Response to Defendants' Motion for Summary Judgment as untimely pursuant to the Court's earlier order. *See* Dkt. No. 31. That same day, Plaintiff filed two motions for reconsideration, alleging that the Court granted summary judgment to Defendants in its motion striking Plaintiff's untimely response brief. *See* Dkt. No. 32, 33. On October 20, 2016, Plaintiff filed a third motion, requesting that the Court consider medical documentation regarding Plaintiff's Counsel's daughter. Dkt. No. 34. Plaintiff filed an errata sheet on the amended motion on October 24, 2016. Dkt. No. 35.

-1-

2:15-cv-12577-GAD-DRG   Doc # 36   Filed 10/26/16   Pg 2 of 6   Pg ID 566

Since Plaintiff's Motions for Reconsideration are based on an obvious misunderstanding of the Court's order and do not provide evidence that the Court made any palpable errors, the Court will **DENY** the Plaintiff's Motions [32, 33]. Additionally, the Court will also **DENY** Plaintiff's Motion to Provide Medical Documentation [34], pursuant to its denial of the motions for reconsideration.

## II. LEGAL STANDARD

Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. LR 7.1(h)(3) (E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id*.; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co*., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

## III. DISCUSSION

### A. The Court Did Not Grant Summary Judgment To Defendants

The Court's order striking Plaintiff's untimely response did not state or imply that Defendants' Motion for Summary Judgment had been granted. *See* Dkt.

No. 31. There was no notification on the docket implying that the hearing on the

Motion for Summary Judgment had been cancelled pursuant to the order striking

Plaintiff's response. There was no entry of an opinion and order granting summary

judgment following the order striking Plaintiff's response.

Simply stated, there are no facts that support Plaintiff's allegation that the

Court granted Defendants summary judgment. The Court has not yet ruled on the

summary judgment motion. Accordingly, Plaintiff's misunderstanding of the

Court's order does not provide evidence that the Court has made a palpable defect.

### B. Plaintiff Submitted a Late Response Without Seeking Permission of the Court

Plaintiff's motion for a second extension of time to respond to Defendants'

Motion for Summary was requested in order for Plaintiff to receive deposition

transcripts of Commander Hopper, Sergeant Hall, and Officer Wietfeldt. *See* Dkt.

No. 28. Plaintiff explicitly requested that the Court allow him to respond "on or

before October 13, 2016." *Id*. at 2. Although this was the second extension

requested on the matter, the Court granted it pursuant to the terms that Plaintiff

requested. Dkt. No. 29 ("**IT IS HEREBY ORDERED** that Plaintiff shall have

until October 13, 2016 to file a response brief to the Motion for Summary

Judgment."). The Court also explicitly stated that, "**IT IS FURTHER ORDERED**

that no further extensions of time to file response or reply briefs regarding

Defendants' Motion for Summary Judgment, Dkt. No. 22, shall be granted." *Id.* at 2.

Plaintiff makes several arguments in the motions for reconsideration as to why the untimely response brief should not have been stricken. Diana McClain, one of Plaintiff's counsel, alleges that her daughter became ill on the day the response was due and was then scheduled for a surgical procedure on the day after the response was due. Dkt. No. 32, 33, p. 1 (Pg. ID No. 471, 482). That argument does not explain why Plaintiff, who had 59 days to submit a response instead of the 21 days ordinary permitted, could not have submitted it prior to the absolute last day for submission. It does not explain why Plaintiff's counsel did not notify the Court and request additional time to file the response, rather than filing it late on October 17, 2016, with an untrue date of October 13, 2016 within the brief. Further, there is no explanation as to why Plaintiff, who is represented by not one, but two counsel of record, could not have had his other attorney— Cyril C. Hall, listed as the Lead Attorney on the case—submit the response if Ms. McClain was unavailable. The Court does not find that this is evidence that the Court made a palpable error in striking Plaintiff's untimely response.

Plaintiff next argues that he did not receive the deposition transcripts from Hopper, Hall, and Wietfeldt until October 3, 2016. Dkt. No. 32, 33 (Pg. ID No. 472, 483). This provided Plaintiff with ten days, instead of fourteen days, to read

and utilize the transcripts prior to submitting a timely response. However, the argument that the transcripts were further delayed is of little consequence, as Plaintiff's stricken response makes no apparent use of the deposition transcripts for which an extension was granted. The delayed deposition transcripts or portions thereof were not attached to Plaintiff's response, nor were they ever referenced within Plaintiff's response.

Accordingly, as there is no evidence submitted establishing that the Court made a palpable defect in its previous rulings, the Court will **DENY** Plaintiff's motions for reconsideration. Additionally, as the Court did not request to view Plaintiff's Counsel's daughter's medical documentation, the Court will **DENY** Plaintiff's motion, Dkt. No. 34, to that effect.

Nevertheless, the Court will, in this instance, grant Plaintiff the opportunity to submit a late response by **Thursday, October 27, 2016**, so that Plaintiff is not penalized for his counsel's errors. This response must be composed utilizing the same degree of care and diligence expected of all attorneys appearing before this Court, including use of the required type size under Local Rule 5.1(a)(3) and correct spelling of the Defendants' names (i.e., "Wietfeldt," not "Weitfeld").

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that Plaintiff's Motions [33, 33, 34] are **DENIED.**

-6-

**IT IS FURTHER ORDERED** that Plaintiff shall have until Thursday, October 27, 2016, to file a response to Defendants' Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that Defendants shall have until Thursday, November 10, 2016 to file a reply brief, should they choose to do so.

IT IS SO ORDERED.

Dated: October 26, 2016                    /s/Gershwin A Drain
Detroit, MI                                HON. GERSHWIN A. DRAIN
                                           United States District Court Judge